CULPEPPER, Judge.
Mrs. Dorothy Selby Roy, alleging herself to be an heir of the deceased, Tesca R. Roy. Sr., filed a motion to remove the testamentary executor, Anthony J. Roy, Sr., and to *604 require him to file a final account. The grounds for the motion are: (1) that the executor failed to file an annual account during the approximately one and a half years since his appointment; (2) that the executor mismanaged the estate (but no specific. facts were alleged in this regard) ; and (3) .that no inventory of the estate was filed.
In response to the motion to remove, the executor filed a dilatory exception of prematurity and a peremptory exception of no cause of action. In these exceptions the executor alleged that it was the notary public, not the executor, who was ordered to make the inventory but, in any event, the inventory was filed in the record on the same day as the exceptions, thus making the mover’s arguments in this respect moot. As to the delay in filing the annual account, the executor argued this could not furnish the basis for his removal because LSA-C.C.P. Article 3334 provides that an executor cannot be removed unless he fails to file an annual account after being previously ordered by the court to do so.
The motion to remove and the exceptions thereto were heard on November 10, 1965. The court sustained the exceptions and refused to remove the executor. However, it did order him to file “an up-to-date accounting of his administration within 30 days.”
After securing court approval for a delay in filing the account, in order to show certain rents collected at the end of the year 1965, the executor filed on January 3, 1966 his “final account”, at the end of which he states “your executor is ready to make distribution in accordance with the above statement upon judicial determination of the issues involved herein.” From the briefs of counsel filed in this court, we understand that at least one issue involved in the final account is the extent of any community interest owned by the surviving widow of the deceased, Tesca R. Roy, Sr. Of course, the interested parties can make other objections to the final account and the subsequent tableau of distribution in the manner provided by law.
On May 17, 1966 formal “Judgment On Rule To Remove Executor” was rendered, read and signed. This judgment states that “after considering the pleadings, the exceptions, the evidence and the argument of counsel, for the reasons orally assigned, it is by reason thereof ordered * * * that the exceptions of the defendant in rule be maintained * * * dismissing said rule on the exceptions filed.” From this judgment, denying the motion to remove the executor, the mover has appealed.
In this court, the principal issue argued in the briefs of counsel is whether the lower court had the discretion to remove the executor for failure to file an annual account, even though he had not been previously ordered by the court to do so. We agree with counsel for the plaintiff in rule that the lower court did have this discretion. LSA-C.C.P. Article 3182 reads as follows:
“Art. 3182. Removal.
“The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
“The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.”
*605 Comment (b) under said Article 3182 reads as follows:
“(b) This article also changes the law by granting the court the discretionary power to remove the succession representative for the causes specified, whereas, heretofore, some of the grounds for removal required an ipso facto removal whether such removal was justified or necessary.”
LSA-C.C.P. Article 3331 provides that:
“A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person.”
We think it is clear that the executor’s duty to file an annual account is “imposed by law” within the meaning of Article 3182 and is one of the grounds for which the court has the discretionary power to remove the executor, without any previous order of court.
The executor’s argument in this regard is based on LSA-C.C.P. Article 3334 which reads as follows:
“Art. 3334. Failure to file account; penalty
“An interested person may proceed by contradictory motion to remove a succession representative who has failed to file an account after being ordered to do so by the court and may obtain the remedies provided by Article-2502.”
As is shown by the Official Comments under Article 3334, the purpose thereof is to provide that where a succession representative has been ordered to file an account, and has failed to do so, an interested person may proceed to have the succession representative removed and also may obtain the penalties provided by Article 2502, i. e., 'distringas, or contempt proceedings, or damages. These are simply additional remedies given to the interested parties. But this does not conflict with, nor render nugatory, the court’s discretionary power under LSA-C.C.P. Article 3182 to remove the succession representative for failure to file an annual account even though he has not been previously ordered to do so.
However, regardless of whether the district judge Had the discretion to remove the executor for failure to file an annual account, we think this issue has now been rendered moot by the trial judge ordering the executor to file an account and by the fact that the executor has actually already filed in these proceedings his final account, stating that he is now ready to make distribution of the estate.
Summarizing, we think the three grounds specified in plaintiff’s motion to remove the executor are answered as follows: (1) The failure of the executor to file an annual account has now been rendered moot by the court’s ordering the executor to file an account and by the executor’s actually filing his final account; (2) the failure of the executor to file an inventory has now been rendered moot by the filing of the inventory; (3) as to mismanagement of the estate, the motion to remove did not state such a cause of action, no specific acts of mismanagement having been alleged or shown at the hearing of the motion.
Of course, plaintiff in rule may now object to the final account, file further motions to remove the executor, based on other grounds, or exercise any rights she has under the law.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff in rule, Mrs. Dorothy Selby Roy.
Affirmed.