SAVOY, Judge.
This matter is on appeal by opponent-appellant complaining of the judgment of the district court authorizing the sale of succession property at private sale for the purpose of paying debts owing by said succession.
Nolan Duplechin died intestate at his domicile in Eunice, St. Landry Parish, Louisiana. He was survived by his widow, Eulice Fontenot Duplechin, and by his mother, Ophelia Manuel Duplechin. Prior to his death, decedent had been operating a grocery store and lounge wherein alcoholic beverages were sold by the drink. After his death, his widow continued to operate the business. She applied for and was appointed administratrix of the succession. The court also authorized her to continue the operation of the business. The admin-istratrix had the real estate, which comprised about 90% of the assets of the succession, appraised by two real estate agents. The brother of decedent, representing his invalid mother, was present at the appraisal and was satisfied with the appraisal of the immovable property which amounted to $18,000.00. The movable property was valued at approximately $2,700.-00.
After completion of the descriptive list of the property, the administratrix applied to the court to sell the property at private sale to herself under the provisions of LSA-C.C.P. Article 3281. The mother opposed the private sale, contending primarily tha-t it would be to the best interest of the succession for the property to be sold at public sale; that it would give more people a chance to bid; and, it would likely sell for more than if it were sold at private sale. Counsel for opponent also contends that the description of the movable property, particularly the merchandise, is not sufficient; and for that additional reason the court should not order the private sale. Counsel also objects to the application in that there are not sufficient reasons set forth for the private sale as required by LSA-C.C.P. Art. 3281.
The district court allowed the private sale, and opponent has appealed.
Under the provisions of LSA-C.C.P. Art. 3273, if property is sold at public sale, it must be sold for not less than two-thirds of the appraised value.
The record reveals that there is no dispute as to the value of the real property. Under the peculiar circumstances of this case, we are of the opinion that there was a sufficient description of the movable property. The merchandise consisted of many small articles, and it would be impractical to list all of them separately.
The sale is being made for the appraised value of the property as shown in the descriptive list. It is being made for the payment of debts owing by the succession. There would be additional costs if the property were sold at a public sale for the Sheriff is entitled to a fixed percentage for conducting the sale and making a process verbal thereof. LSA-R.S. 33:1428.
We are of the opinion that the trial judge did not abuse the discretion vested in him in ordering the succession property to be sold at private sale.
For the reasons assigned, the judgment is affirmed at appellant’s costs.
Affirmed.