296 So.2d 406 (1974)
Succession of Walter L. VOLAND.
No. 6257.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearing Denied July 3, 1974.
Writ Refused September 20, 1974.
*407 Alcide J. Weysham, New Orleans, for Lydia Voland, plaintiff-appellant.
Jesse S. Guillot, New Orleans, for succession of Walter L. Voland, plaintiff-appellee.
Before LEMMON, BOUTALL and SCHOTT, JJ.
*408 BOUTALL, Judge.
Mrs. Lydia Voland, surviving spouse in community, filed pleadings seeking the removal of Mildred V. Long as dative testamentary executrix of the Succession of Walter L. Voland and opposes and seeks nullification of certain actions of the executrix. From an adverse judgment, she prosecutes this appeal.
The executrix-appellee has filed a motion to dismiss the appeal on the ground that the personal surety on the appeal bond was determined to be inadequate by the trial court, and that the appellant failed to file timely a new or supplemental bond with sufficient surety as provided in Code of Civil Procedure Article 5124. An examination of the record discloses a new bond, which was apparently misplaced in the record, bearing notation that it was filed on the fourth day exclusive of legal holidays, and so is timely filed. However, we note that the appeal taken is both a suspensive and a devolutive appeal from the judgment dated October 9, 1973, and that the original appeal bond was not filed until November 28, 1973. The security for the suspensive appeal was not furnished within the 15 day requirement of Code of Civil Procedure Article 2123, and this court has no jurisdiction to entertain a suspensive appeal. However, the jurisprudence has established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolutive appeal. See Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969). We therefore grant the motion to dismiss insofar as a suspensive appeal is concerned, but we entertain the appeal herein as a devolutive appeal. The procedure for testing the sufficiency or validity of the new bond furnished is governed by the provisions of Code of Civil Procedure Articles 5125 and 5126.

ON THE MERITS.
On this appeal, the appellant poses to us the following issues:
1) That the dative testamentary executrix should be removed because she has filed no annual account,
2) That the administration should be closed because there are no debts and the heirs should be placed into possession,
3) That the judgment authorizing the executrix to sell one of the pieces of real estate at private sale be annulled and cancelled because there are no debts of the succession necessary to pay, and because the advertisement was incorrect,
4) The dative testamentary executrix is not entitled to a fee for services rendered.
We shall first take up the matter of filing an account. An examination of the record discloses that there is no account filed herein. LSA-C.C.P. Article 3331 provides that:
"A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person."
LSA-C.C.P. Art. 3182 provides that a succession representative who has failed to perform any duty imposed by law or by order of the court may be removed after rule to show cause. In Succession of Roy, 192 So.2d 603 (La.App. 3rd Cir. 1966) it was held that the executor's duty to file an annual account is imposed by law and is one of the grounds for which the court has the discretionary power to remove the executor. We agree with this principle. We note however that the court in its discretion did not remove the executrix herein but instead confirmed her appointment. Although no reasons were given, the record amply discloses the basis for such judgment.
The original pleading filed in opening the succession was a petition for probate of will by the surviving spouse in community. Although the will was probated, the surviving spouse did nothing further and *409 the succession simply lay dormant for two weeks short of one year when the mother and sister of the decedent filed a petition to appoint the sister, Mildred Voland Long, as dative testamentary executrix. As she proceeded in accordance with her appointment to administer the succession, she was obviously opposed by the widow who would make no disclosures as to the assets or debts of the estate. In order to ascertain what these may consist of, it was necessary for the executrix to file a rule for contempt against the widow and her son by a previous marriage who were in possession of the assets, and, after hearing, the trial court found them to be in contempt and imposed a sentence of eight hours in the Parish Prison to force some measure of cooperation. Indeed it is interesting to note that at one stage of the proceedings, (Tr. 43) which are now before us, Mrs. Voland attacks an account allegedly filed herein as being erroneous, and in another pleading filed three days before the trial (Tr. 49) seeks the removal of the executrix for failure to file an account. The executrix concedes that no account has been filed, and makes the point that all of the assets are in the physical possession of Mrs. Voland, and an accurate account at this time is impossible. Our attention is called to the fact that although the appellant maintains there are no debts of the succession, yet in her latest pleading the reason she gives for no debts in existence is that they had been paid by her, which of course would constitute her a creditor of the succession. The record discloses a number of similar conflicts, most of which seem designed only to obstruct the progression of the succession. We find no error in the trial judge's refusal to remove the executrix.
The second issue before us is appellant's request to close the administration and have the heirs put into possession. We are referred to the Succession of Roberts, 255 So.2d 610 (La.App. 1st Cir. 1971) as authority for such a request. It is urged to us that this case falls within the rationale of the Roberts case because of the precise parallel in facts, i. e. that there are no debts of the succession; that the heirs are known and their proportion of inheritance is known; that the executrix has filed a petition for private sale of the immovable property to realize funds to pay debts of the succession and divide the property between the heirs; and that the only other heir wishes to accept the succession unconditionally. Without commenting upon the rationale therein expressed, we distinguish the facts of that case from this case.
We have noted above the two differing allegations concerning the existence of succession debts. The record further shows that in two of the pleadings which were at issue in the trial court there are other contradictions. In one, Mrs. Voland attacks the inventory furnished saying that the values are incorrect and that a number of the assets detailed in the inventory are her separate property rather than community. In the proceeding filed three days before trial, she then says that all of the property is community property; however she continues to insist that the inventory is wrong and seeks to provide a detailed descriptive list (which is not in the record) which she contends furnishes the correct listing of the succession assets. There is no evidence placed into the record at the hearing by appellant as to the truth of any of these matters. We fail to understand how her rejecting of the inventory filed in the record and the substitution of some undisclosed descriptive list could constitute an unconditional acceptance of the estate. It is our belief that this is a rather frivolous plea taken three days before trial simply to confuse the issues then existing and further harass the orderly settlement of the succession. It is apparent that the parties to this succession proceeding have serious issues existing between them and that the unconditional acceptance required for a simple putting in possession is unlikely.
*410 The third issue is the petition to revoke the authority to sell the real estate located at 6116 Hurst St. in New Orleans. The facts surrounding that issue are that on April 12, 1973 the executrix filed a petition to sell that property at private sale based upon an offer for the sum of $15,000, the appraised value in the inventory. During the advertisement period, the executrix received a letter from a certain Michael D. Charbonnet offering the price of $16,500. The original purchaser then agreed to increase her offer to $16,500. There was no opposition raised by Mrs. Voland to the proposed sale (C.C.P. Arts. 3282, 3283 and 2972) and accordingly, after due time the executrix appeared before the trial judge and presented evidence in support of the sale. The trial judge, considering that due proof of the legality and advisability of the sale having been made, and no opposition having been filed, rendered judgment approving and homologating the application for the private sale of the immovable property for the price of $16,500 cash (C.C.P. Art. 3284). Although she raised no opposition at that time, nevertheless, fourteen days later, on May 30, 1973, Mrs. Voland filed a petition to set aside the homologation of authority to sell the property at private sale, contending that there were no debts due, and that the judgment was erroneous because the property was sold for $1500 more than the advertised price. We have already discussed the matter of debts, but note that a private sale can be authorized for any purpose. C.C.P. art. 3261. We have been referred to no authority which would prohibit the judgment of homologation at a price higher than that advertised. We can see no reason for annulling that judgment.
Instead, we perceive a reason for not even considering a review of that judgment. With few exceptions, successions are governed by the same rules relating to appeals as ordinary matters. LSA-C.C.P. Art. 2974. Appeals may be taken from a final judgment and from an interlocutory judgment which may cause irreparable injury. C.C.P. Art. 2083. A judgment of homologation of application to sell a piece of real estate inventoried as a succession asset falls within the definition of an appealable judgment because such an adjudication is a final disposition of the rights of the heirs as to ownership of the property. Instead of timely offering opposition, or at least appealing timely from the judgment, Mrs. Voland chose to file a petition attacking the advisability of the sale some fourteen days later. She advances none of the grounds necessary to support a proceeding for nullity of judgment, and indeed introduces no evidence whatsoever. Her method of procedure appears to simply be an attempt to belatedly urge what she should have urged by way of opposition before the homologation, or by appeal from the judgment of homologation.
We now pass to the last issue argued here and that is the right of the dative testamentary executrix to receive compensation for her services. We cannot find where this was placed at issue in the trial court and the record does not disclose any attempt by the executrix to even claim any remuneration for her services. We conclude that this, as is largely true of the other issues posed, is simply an attempt at confusion or harassment and see no need to discuss it herein.
For the reasons above stated, we are of the opinion that the judgment appealed from is correct, and we affirm the judgment at appellant's costs.
Affirmed.