DOUCET, Judge.
This is an appeal from a judgment of the district court denying the executor of the Succession of Agathe LaSalle authority to sell certain succession property by private sale. We affirm.
The facts are not disputed. On March 23, 1979, Jacob E. Fakouri, the duly qualified testamentary executor of the Succession of Agathe LaSalle, filed a petition in the district court seeking authority to alienate by private sale after advertisement one lot of household furnishings and effects belonging to the succession. Prior to filing the petition, Fakouri had agreed to sell the property to appellant, Kenneth Boagni, Jr., for the sum of $5,000.00, payable in cash at the time of the sale.
Notice of the executor’s petition for authority was advertised on March 26,1979 in the manner required by LSA-C.C.P. art. 3282 and LSA-R.S. 43:201. On March 30, 1979, Myrtle Farris Richard, one of the legatees named in the decedent’s will, filed an opposition to the sale. After a contradictory hearing on April 6, 1979, judgment was rendered denying the executor the authority to sell the property. In his written reasons for judgment, the trial judge stated that he based his refusal to authorize the sale on the fact that the executor had received a bona fide offer of $7,000.00 for the property after the advertisement on March 26, 1979. Kenneth Boagni, Jr. appeals.
The only issue raised on appeal is whether the trial judge’s refusal to authorize the sale constituted an abuse of his discretion.
The authority of a succession representative to alienate succession property by pri *DCLVII vate sale was recently considered by the Louisiana Supreme Court in Hamilton v. McKee, 371 So.2d 1115 (La.1979). In that case, the court held that a succession representative does not have the power to obligate the succession to sell its property by private sale without first having obtained a court order granting that authority, following a petition and advertisement as required by LSA-C.C.P. arts. 3281, et seq. In discussing the history of the provisions allowing private sales of succession property, the court noted that the requirements of advertisement and prior court approval were included as safeguards against the disposition of succession property for inadequate consideration.
In view of that decision, appellant’s argument that the trial judge abused his discretion is clearly without merit. Contrary to his assertion, appellant did not have a binding or enforceable agreement with the executor. Furthermore, the $2,000.00 increase in the later offer amply justifies a delay in settling the estate and the additional cost of holding a public sale or petitioning and re-advertising for a private sale.
For these reasons, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant, Kenneth Boagni, Jr.
AFFIRMED.