407 So.2d 441 (1981)
SUCCESSION OF Henry J. SPANN.
Dorma Fay Harris SPANN, Plaintiff and Appellee
v.
Henry and Mildred SPANN, Defendants and Appellants.
No. 8446.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
Writ Denied February 19, 1982.
Hal J. Scott, Jonesville, for defendants & appellants.
*442 Charles F. Wagner, Pineville, for plaintiff & appellee.
Before CULPEPPER, CUTRER and LABORDE, JJ.
CULPEPPER, Judge.
The opponents, mother and father of the decedent, have taken a suspensive appeal from an order obtained by the administratrix, surviving spouse of the decedent, authorizing a public sale of a home which is the separate property of the succession.
The parties stipulated the legal issues are:
(1) Does the administratrix have the right to sell the succession property under the circumstances of this case? (2) Is the formula to be used, for determining the value to which the administratrix is entitled as a creditor of the separate estate of the decedent, based upon the enhanced value of the real property involved or the actual input into the property in terms of labor and money? (3) To what percentage of the estate is the surviving spouse entitled? This Court will only decide the first enumerated issue, because the order complained of only authorizes a public sale of certain immovable property. It does not make any determination as to what amount the administratrix is entitled as creditor or the percentage of the estate to which she is entitled.
The parties stipulated the facts. Pertinent to our decision are the following: The defendant, Henry Jefferson Spann, died on July 16, 1980. He was survived by his wife, Dorma Faye Harris Spann, and his parents, Henry Owen Spann and Mildred Alberta Spann. Dorma Faye Harris Spann was appointed administratrix of her husband's succession on September 8, 1980. The principal item of succession property is the family home. There are also a few items of movable property.
The family home was constructed by the decedent and his surviving spouse, with the assistance of friends and family, on a lot which was separate property of the decedent, having been donated to him individually by his parents. The administratrix first petitioned the court for authorization of a private sale of the property for $38,500 offered by a Mr. Moore, to pay the debts of the succession, but this petition was not granted. The major debt of the succession is that owed to the surviving spouse for the use of community property, labor or industry to improve the decedent's separate property. Since the community terminated on the death of the husband on July 16, 1980, the new Matrimonial Regimes law, which took effect on January 1, 1980, probably applies. See LSA-C.C. Articles 2325, et seq., particularly Articles 2366 and 2368 which provide for reimbursement to the surviving spouse for community property, labor or industry used to improve separate property. But these issues are not now before us.
The administratrix then filed a petition for a public sale of the property. On December 10, 1980, the trial court ordered that the property be sold at a public auction for a minimum price of $38,500. On January 9, 1981, decedent's parents appealed the December 10, 1980 judgment ordering a public sale. This is the only judgment before us on appeal.
The parents contend a public sale is not in the best interest of the succession because they have offered to pay whatever amount is owed by the succession to the administratrix. However, the record shows the debt owed to the administratrix is substantial. The house constructed during the community clearly benefited the decedent's separate property. Whether the prior law, LSA-C.C. Article 2408, or the new Articles 2366 and 2368 apply, the property must be sold to pay the debt owed to the surviving spouse.
A trial court may authorize a public sale of succession property upon application of the administratrix for any purpose, and such an order is a final, appealable judgment. Succession of Voland, 296 So.2d 406 (La.App. 4th Cir. 1974), writ denied 300 So.2d 184 (La. 1974); LSA-C.C.P. Articles 3261 and 3271.
*443 There is no dispute as to the minimum price of $38,500 fixed in the order for public sale. The opponents-appellants have shown no irregularity in the procedure concerning the sale. A public sale may produce more than the $38,500 offered for a private sale. If the parents who oppose the sale wish to retain the property, they can bid at the public sale. In effect, what the parents are asking is that they be given the right of first refusal, to the possible detriment of the succession and its ability to pay its debts. It is noteworthy that the parents have not offered to pay $38,500 in a private sale. Apparently, they are not willing to pay that much.
We conclude the trial judge did not abuse his discretion in ordering the property sold at a public auction for not less than $38,500. See Duplechin v. Duplechin, 248 So.2d 631 (La.App. 3rd Cir. 1971).
For the above and foregoing reasons, the order of the trial court authorizing a public sale of the property is affirmed. All costs of this appeal are assessed against the opponents-appellants.
AFFIRMED.