KLIEBERT, Judge.
This is a suspensive appeal brought by four of the decedent’s heirs from the judgment of the trial court dismissing their opposition to the administrator’s petition to sell succession property at private sale. The issue presented on the appeal is whether the trial court erred in authorizing the administrator to proceed with the sale of property forming part of the mass of the succession, where some heirs are opposed to the sale and during the hearing on the opposition offer to purchase the property for a sum slightly greater than the offer sought to be accepted by the administrator. We believe he did not and accordingly affirm his decision.
Morris Joseph Caillouet, the duly qualified and acting administrator of the succession of Joseph Louis Caillouet, filed a petition for authority to sell for $32,350.00 the only asset of the succession, i.e., a thirty acre tract of land located in St. Landry Parish. A realtor’s report, showing the property’s value as $32,200.00, was filed with the administrator’s report. This was the same as the value previously reflected for the property in the descriptive list filed by the administrator. Also attached to the petition was an agreement under which Sherby J. Skrantz (buyer) would acquire the property, subject to a one-half interest *537 (Vi) mineral reservation for $32,350.00 cash. One Hundred Fifty Dollars ($150.00) of this sum was for the payment of the appraiser’s fee. The administrator had accepted the offer subject to his ability to obtain court approval to make the sale.[1]
The administrator’s petition for authority to sell alleged it was to the best interest of the succession for the property to be sold because debts of the succession had to be paid and the sales price was fair and reasonable. B. J. Caillouet, Betty Eubanks, Edna Broussard and Marjorie Dobson (hereafter opposing heirs) filed an opposition to the sale alleging that many heirs were opposed to the sale; the price offered was unreasonably low, and they were prepared to offer a higher price for the sale.
At the opposition hearing evidence was introduced indicating there had been several meetings of family members to discuss the sale of the property. Of those members attending the family meeting, there was at least one member of each branch of the family, however, the evidence is in conflict as to whether they were there as a representative of their branch of the family or whether they had a duty or obligation to inform other family members of the decision reached at the meeting. The opposing heirs together had an undivided 13/264th interest in the property and orally offered during the hearing to acquire the property for $33,000.00 cash, with a one-half mineral interest reservation. One of the opposing heirs testified that he was never informed of the family meetings. Another stated that her understanding of the selling approval granted at the family meeting was for a sale for $33,000.00 with a 100% reservation of the minerals. There was some testimony from the opposing heirs indicating a realtor had some three years previously appraised the property at $37,000.00, but neither this nor any other appraisal was submitted in evidence by the opposing heirs.
By adherence to the procedures enumerated in CCP Article 3282, the administrator can obtain 'authority from the court to sell property belonging to the mass of the succession “_in order to pay debts and legacies, or for any other purpose, when authorized by the court_” CCP Article 3261. Additionally, he can enter into an agreement to sell the property provided the effectiveness of the agreement is suspended pending its authorization by the court. CCP Article 3286.
The appellants apparently agreed the purpose of the proposed sale was valid for they made no attack on same, preferring instead to argue that the trial judge could not authorize the succession representative to proceed with the sale because heirs were offering to purchase the property for a larger amount. The trial judge concluded the proposed sale was to the better interest of the succession because (1) the buyer might institute suit against the succession due to the succession’s failure to comply with the agreement to purchase, and (2) the succession would benefit financially by accepting the sale now rather than the risk of the heirs’ offer and the reincurrence of the cost of advertisement and reapplication for authority with the possibility of future opposition with minimal increases in the price offered.
In the trial court and here, the opposing heirs point to the Succession of Hausser, 320 So.2d 614 (La.App. 4th Cir. 1975) in support of their argument. Their reliance on Hausser, however, is misguided because the facts there are different from those involved here. In Hausser, only twenty (20) days had expired since the time the property was offered for sale and the first offer of $100,000.00 was received. Also the second offer of $110,000.00 was received two weeks after the first. Whereas here, the second offer was only $650.00 more than the first, came orally during the hearing on the opposition, and after the funds had been expended to seek approval of the first offer which had been sought and negotiated for some time. Further, in Hausser, all of the *538 legatees who were to share in the proceeds from the sale opposed same; whereas here, four heirs having only a 13/264th interest filed opposition. Under the facts involved here, we agree with the trial judge’s conclusion it was for the better interest of the heirs for the court to authorize the administrator to proceed with the proposed sale.
Accordingly, the judgment of the trial court is affirmed. All costs of appeal to be borne by the appellant.
AFFIRMED.

. The appellant erroneously took the position in his brief that the suspensive condition was not contained in the agreement.