STOKER, Judge.
Alberta H. Jackson objected to certain actions taken by the administrator of her uncle’s estate. In this appeal, she contests the award of a curator’s fee to another uncle for the care of the decedent. The administrator has appealed a decree involving another issue in the same succession proceeding which we discuss at 499 So.2d 1032 (La.App. 3d Cir.1986).
Because of physical and mental problems, Adolph Richard, Jr. was never capable of caring for himself or his property. He was cared for by his father until the latter died in 1954. Thereafter, most of his adult life was spent in nursing homes and hospitals largely paid for by the state and federal governments. However, after his father’s death one of his brothers, Herbert Richard, undertook the primary responsibility of looking after him, handling his meager finances, and paying his bills. Herbert Richard was apparently appointed curator in 1961 and 1962 in order to execute a mineral lease on the interdict’s property.
At the hearing of the opposition to the tableau of distribution appellant contended the curator was not entitled to any fee as the few services he had rendered his brother should have been in fulfillment of a gratuitous family obligation. However, the trial judge found from the evidence that the services rendered by the curator from 1962 until 1983 entitled him to reasonable compensation. Because, there was very little annual revenue, the judge concluded that the 10% maximum provided by LSA-C.C.P. art. 4274 was inadequate. Therefore, the curator’s fee was fixed on the basis of 120 hours of service a year at the then established minimum wage which the judge calculated to be $5,172. In addition, he awarded $400 for bond costs. From our review of the record, we cannot say that he abused his discretion in this regard and we affirm the judgment of April 22, 1985.
AFFIRMED.