STOKER, Judge.
Bertrand Richard, administrator of the estate of his brother Adolph Richard, Jr., *1033 appeals the rejection of his petition to sell Adolph’s property at private sale.
Another issue arising out of this succession is dealt with at 499 So.2d 1031 (La. App. 3d Cir.1986). The pertinent facts in this appeal are that Bertrand Richard filed a petition to sell a piece of immovable property, which was the only asset of the estate of his brother, Adolph Richard, Jr., to another brother, Herbert Richard, for $14,-014.49. This sum corresponded to the amount of Adolph’s debts. Although the court authorized the sale, the transaction never took place. Later, Bertrand petitioned for authority to sell the property at private sale for $10,625, its appraised value. The proposed purchaser was not named nor do the petition and advertisement appear in the record.
Herbert had proposed to Adolph’s other heirs that he buy the land for a lesser sum, in satisfaction of Adolph’s debts, including a $12,000 curator fee claimed by Herbert. Several of the heirs rejected the proposal. A niece, Alberta H. Jackson, filed an opposition to the private sale.
At the hearing of the opposition to the second proposed sale there was testimony that family members would bid more than $10,625 if the property was sold at a public sale and judgment was rendered rejecting the private sale.[1] The judge concluded that a public sale would be more advantageous to the succession, and rejected the proposed private sale. Bertrand, as administrator, appeals.
In matters such as this the trial judge has considerable discretion to determine what is in the best interest of the succession. Succession of Spann, supra; Estate of LaSalle, 377 So.2d 576 (La.App. 3d Cir. 1979). We do not find any abuse of his discretion. Accordingly, the judgment of July 19, 1985 is affirmed.
The costs of appeal are assessed to the succession.
AFFIRMED.

. In his oral reasons for judgment the judge stated the property should be sold at public sale with a minimum price of $10,625. However, the formal decree does not authorize a public sale or mention a minimum bid. No one has complained of the omission on appeal, so we have no reason to amend the judgment of July 19, 1985 to include this. If the district court still believes that such a minimum bid should be required, he can consider this in connection with the order to be issued when the petition to sell the property at public sale is filed. Succession of Spann, 407 So.2d 441 (La.App. 3d Cir.1981), writ denied, 412 So.2d 84 (La.1982).