WALTER J. ROTHSCHILD, Judge.
12This is an appeal by Jerilyn Reed Ack-el from a declaratory judgment rendered *966 in this ancillary succession proceeding involving the estate of George J. Ackel, Jr., decedent. For the following reasons we affirm that judgment.
The decedent lived most of his life in Louisiana, but at the time of his death on November 11, 2009, he was a resident of Texas. It appears that his succession was opened in Texas, but because he owned property in Louisiana, the present ancillary proceeding was opened in this state as well. The parties to this Louisiana proceeding are Jerilyn Ackel, decedent’s surviving spouse, and four of decedent’s children from prior marriages, namely George J. Ackel, III, Adam Ackel, Alex Ackel and Alana Ackel Tallo. During the course of this action, the four children moved for a declaratory judgment establishing the rights of the parties to succession property subject to Louisiana law.
The trial court entered a judgment holding as follows:
1. The decedent and Jerilyn Ackel had entered into a valid pre-nuptial agreement upon their marriage in Louisiana in which they renounced any community of acquets and gains during that marriage, and consequently all Louisiana property of the estate was the separate property of decedent;
|o2. The decedent had made a will but destroyed it prior to his death, no other will was produced for probate, and therefore he died intestate;
3. The four children of decedent’s prior marriages were the sole heirs of decedent as to the Louisiana property; and
4. Jerilyn Ackel’s right to seek the marital portion in the future was preserved.
Jerilyn Ackel now appeals that judgment. The substance of her argument here is that it was error to hold that the four children of the prior marriages are the sole heirs of the estate for two reasons. First, she asserts that the prenuptial agreement would not be valid in Texas because of vices of form and specificity. Second, she contends that because a portion of the estate consists of ownership interests in six Louisiana LLCs, all of which are considered movables under Texas law, ownership of those entities must be determined under Texas law. She concludes that she would be deemed an heir under Texas law, particularly in regard to the LLC interests, and therefore that it was error to exclude her from these rights.
Whatever the merits of these arguments, we find that they are more appropriately raised in the Texas probate court. The trial court judgment here recites that the pre-nuptial agreement is valid under Louisiana law, and thus that all of decedent’s property subject to that law is separate property. It further determines that the decedent died intestate, and that his four children are the sole heirs of whatever portion of his estate is subject to Louisiana law. It does not, however, identify any specific property to which it applies. Because decedent was a Texas resident at the time of his death, it is for the Texas courts to determine how particular types of property are to be classified, by which laws they are to be controlled, and by whom they are to be inherited. We assume that those courts |4will, where appropriate, give full faith and credit to our laws, including the judgment at issue here, in making those determinations.
We finally note that appellant does not argue that the judgment is erroneous either factually or legally under Louisiana law. Her argument instead is that Texas law, to the extent it is applicable, would produce a different result. That issue *967 should be raised in the Texas courts, rather than here.
For the foregoing reasons, the judgment of the district court is hereby affirmed.

AFFIRMED