IN RE: SUCCESSION OF GEORGE J. ACKEL, JR.

NO. 20-CA-187

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 681-242, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 23, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

**AFFIRMED**
   **JGG**
   **RAC**
   **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
TERRENCE POWER
       Matthew L. Pepper

COUNSEL FOR PLAINTIFF/APPELLEE,
KENNETH MICHAEL WRIGHT, LLC
       Kenneth M. Wright

COUNSEL FOR PLAINTIFF/APPELLEE,
COURT APPOINTED ADMINISTRATOR OF
THE ESTATE OF GEORGE J. ACKEL, JR.
       Harold E. Molaison
       Justin E. Molaison
       Jack E. Morris

**GRAVOIS, J.**

Appellant, Terrence Michael Power, appeals a trial court judgment removing him as provisional administrator of the succession of George J. Ackel, Jr. For the reasons that follow, we affirm.

<u>FACTS AND PROCEDURAL HISTORY</u>

George J. Ackel, Jr. died on November 11, 2009 survived by his spouse, Jerilyn Ackel, and four children from prior marriages, George J. Ackel, III, Adam Ackel, Alex Ackel, and Alana Ackel Tallo.[1] In accordance with a petition filed by the decedent's children in this ancillary succession proceeding, the trial court signed an order on December 11, 2009 appointing appellant, Terrence Michael Power, as the provisional administrator of the succession of George J. Ackel, Jr. On the same day, a sworn descriptive list was filed into the record.[2]

On May 4, 2012, Mr. Power filed a first amended sworn descriptive list.[3] On June 11, 2014, the trial court ordered that an accounting be filed within 30 days. Subsequently, on July 10, 2014, Mr. Power filed an accounting into the record. The accounting named one remaining asset of the estate, Alex of Metairie, LLC, and nine outstanding claims that remained unresolved.

On August 23, 2017, Mr. Power filed a petition for private sale of the immovable property known as Monterrey Plaza (the "Monterrey Plaza property"), that was titled in the name of the decedent. The trial court approved the application for authorization to sell this property on October 18, 2017. On November 13, 2017, Mr. Power filed a first amended petition for private sale of the

---

[1] In a previous appeal in this matter, Jerilyn Ackel appealed a declaratory judgment in which the trial court held, among other things, that the decedent's four children were the sole heirs of the decedent as to his Louisiana property. This Court affirmed the judgment. *See In re Succession of Ackel*, 11-102 (La. App. 5 Cir. 9/27/11), 75 So.3d 965.

[2] The property listed in the sworn descriptive list included seven bank accounts and thirteen pieces of immovable property.

[3] The property listed in the first amended sworn descriptive list included two bank accounts, thirteen pieces of immovable property, and twelve LLCs.

Monterrey Plaza property after it was requested that he advertise in a different periodical.

On April 24, 2018, the trial judge's law clerk filed a memorandum into the record in which it was noted that a telephone status conference was held that day. During the conference, the trial judge informed counsel that she would hold the judgment on the amended petition for private sale of the Monterrey Plaza property and vacate the original order due to deficiencies in the succession filings, including incomplete detailed descriptive lists and missing and incomplete accountings. On the same day, the trial court signed an order vacating its October 18, 2017 order.

Subsequently, on May 10, 2018, Mr. Power filed a second amended sworn descriptive list.[4] On May 16, 2018, after considering the pending application to sell immovable property and after reviewing the second amended sworn detailed descriptive list, the trial court ordered Mr. Power to take all steps necessary to finalize and close the succession.

On June 4, 2018, Mr. Power filed a motion to authorize payment of estate debts pursuant to La. C.C.P. art. 3302(B) and tableau of distribution, which noted that there remained four creditors: Whitney Bank, Jon Ales, Omni Bank, and, appellee, Kenneth Michael Wright, LLC ("KMW"), the latter three being disputed. The trial court set a hearing regarding the three disputed claims against the estate and also ordered that Mr. Power appear to testify regarding deficiencies in the succession accounting. On July 19, 2018, KMW filed an opposition to the motion to authorize payment of estate debts. In its opposition, KMW argued that the record shows that eleven persons or entities filed proofs of claim, but the recent motion to authorize payment of estate debts shows that only four debts remained. KMW argued that the record also does not show that the court authorized the

---

[4] The property listed in the second amended sworn descriptive list included two bank accounts, one piece of immovable property, and five LLCs.

payment of any of the debts of the estate, and there is no explanation as to why or how the other claims were paid and/or resolved.

On July 23, 2018, KMW also filed a motion to remove the provisional administrator and require the filing of a final accounting. In its motion, KMW claimed that the original sworn descriptive list showed the existence of seven bank accounts and numerous pieces of property, but the second amended descriptive list showed only one bank account, one piece of property, and four membership interests in LLCs. KMW alleged that there was no explanation for the exclusion of these other assets. Additionally, KMW alleged that only one annual accounting was filed by Mr. Power (in 2014), and the record does not reflect that this accounting was ever homologated. Finally, KMW also alleged that the record indicated that Mr. Power received income from the commercial property owned by the estate, and to the extent that such income was expended, Mr. Power was without authority from the court to do so, as no order was issued pertaining thereto pursuant to La. C.C.P. art. 3224.

Following a hearing on August 23, 2018 on both the motion to authorize payment of estate debts and the motion to remove the provisional administrator and require a final accounting, the trial court ordered Mr. Power to file a full and complete accounting within 30 days; ordered Mr. Power to take all steps necessary to finalize and close the succession within 30 days; ordered Mr. Power to appear before the court on October 4, 2018 to show that he filed the complete accounting and is working to finalize and close the succession, or show cause why he should not be removed as the provisional administrator; and ordered that the application for authority to sell immovable property at private sale, the motion to authorize payment of estate debts, and the motion to remove administrator and require final accounting be held open pending the filing of the ordered accounting.

The trial court record contains an April 25, 2019 letter from Mr. Power's attorney to the trial judge's law clerk in response to concerns the court had following the filing of an accounting on October 29, 2018, pursuant to the court's order. However, the October 29, 2018 accounting is not contained in the record before us.[5]

On June 20, 2019, Mr. Power filed a motion to reset rule to authorize payments of estate debts. In response, the trial court ordered Mr. Power to show cause why he should not be removed from the office pursuant to La. C.C.P. art. 3182 after noting several deficiencies in the administration of the succession.

Following a hearing on September 5, 2019, the trial court signed a judgment on September 12, 2019 ordering that Mr. Power be removed from the office of administrator of the estate of George J. Ackel, Jr. The trial court gave the following reasons for its decision:

> The succession administrator, Terrence Power, has failed to perform the duties imposed on him by law. He has neglected his obligation to file annual accountings. Those accountings which were submitted were only filed after repeated court order and were largely deficient. Succession assets remain unaccounted for. Accountings do not include succession income. Several succession assets were distributed without court approval. Debts were negotiated and paid without publication or court approval. Most significantly, the administrator falsely certified to the Court that the succession contained sufficient assets to protect the succession's creditors when he moved to place the heirs in partial possession of succession assets.

> This succession has been under administration for nearly ten years. The administrator failed to offer any justification for his inability to conclude the succession, and he could offer no assurance that he would do so. Were Mr. Power to remain in office, the Court has no confidence that the succession will ever be brought to conclusion.

The judgment also ordered that appellee, Harold E. Molaison, be appointed and confirmed as the new administrator.

---

[5] See footnote 6, *infra*.

On October 18, 2019, Mr. Power filed a writ application with this Court seeking review of two rulings of the trial court: the trial court's failure to authorize the sale of succession property after an evidentiary hearing, and the trial court's removal of Mr. Power as administrator of the succession. On December 27, 2019, this Court denied the writ in part and granted it in part for a limited purpose. As to the claim regarding authorization to sell succession property, this Court denied relief on the showing made. As to the claim regarding Mr. Power's removal as administrator, this Court found that such ruling was an appealable judgment and granted the writ for the limited purpose of remanding the case to the trial court with instructions to grant Mr. Power a devolutive appeal. *See In the Matter of the Succession of George J. Ackel*, *Jr.*, 19-521 (La. App. 5 Cir. 12/27/19) (unpublished writ disposition).

This appeal followed. KMW answered the appeal seeking costs, including attorney's fees, incurred in opposing the appeal.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Mr. Power argues that the trial court erred in removing him as administrator *sua sponte* without convincing evidence being introduced to support its action. Mr. Power argues that at the hearing, he presented evidence that nearly all claims registered with the Clerk of Court had been paid; all the remaining creditors had been examined; and there was no testimony of any prejudice to creditors. Mr. Power also argues that the trial court signed an order distributing assets on May 31, 2012, taking the majority of the assets out of the succession in conjunction with a settlement with the deceased's surviving spouse; therefore, no accounting for them was required. He argues, regarding the approval needed to pay debts, that he as the administrator was seeking to protect the succession property and paid debts from the LLCs, which were operating entities during the administration of the succession. He argues that the trial court made no

plausible showing that these expenses were inappropriate under the circumstances and no evidence was produced of prejudice to any creditor.

At the September 5, 2019 rule to show cause hearing, Mr. Power testified regarding twelve proofs of claim filed in the succession proceeding. According to Mr. Power, seven of the claims had been paid in full; however, the claims of Bank of America, The Barnette Group, P.I., Inc., Omni Bank, and Jon Ales remain disputed. Regarding the proof of claim of Whitney Bank, Mr. Power stated that he had an agreement with Whitney Bank that once the Monterrey Plaza property is sold, Whitney Bank would get a substantial sum from that sale in order to reduce the debt. Mr. Power testified that he submitted an accounting by J. Rabalais to the court on October 29, 2018, which stated the proofs of claim that were outstanding.[6] Mr. Power testified that he has acted in the best interest of the estate and has not received any compensation for what he has done.

On cross-examination, Mr. Power testified that the estate does have a bank account at Whitney Bank, but it does not file yearly tax returns. He stated that the estate still owns commercial property that generates income, and he has received that income and paid debts on behalf of the succession.

Upon questioning by the court, Mr. Power admitted that he was aware of his duty to file an accounting every year and that he failed to do so. He stated that he filed an accounting every time the court asked him to do so. Regarding the "Pro Equity" savings account listed on the original sworn descriptive list, he testified that he did not know where that account was. He admitted that he did not get court

---

[6] Mr. Power's counsel subsequently requested to "file and offer and introduce into evidence the filing of accounting pursuant to the Court's request which is filed on or about the 29th day of October, 2018, and is included in the record of this matter." The court stated in response: "All Right. It's admitted. It's in the record."

On the exhibit index included in the record of this appeal, listed as an exhibit is the "Filing of Accounting Pursuant to the Court's Request," but it includes the following note: "Our court received a fax filing transmission on 10/29/2018 of this pleading. After reviewing the record, an original was not submitted to the court for filing."

approval for the sale of the "St. Joseph's" property, and he could not recall if he had court authority for the "1031 exchange" of the "Carondelet apartment building." The trial court questioned Mr. Power about the 99% interest in Downtown Uptown, LLC that is listed in the first amended sworn descriptive list. He stated that it was a vacant lot, and when the court noted that it had never heard of it again, he responded, "Okay." Finally, Mr. Power testified that the decedent's four children were placed into possession of the estate's interest in twenty properties. The court asked how much was the value of everything that's been transferred to the heirs and to the prejudice of all the creditors. Mr. Power responded that a number of the properties came through the decedent's mother's estate, he wasn't aware of the values of some of the properties, and he could not answer the question correctly.

Upon further questioning by his own counsel, Mr. Power testified that the LLCs are the actual owners of all the properties involved, except the Monterrey Plaza property, which he sought the court's approval to sell.

A party seeking removal of a succession representative must prove by convincing evidence that the representative breached his fiduciary duty to the succession under La. C.C.P. art. 3191 or the existence of one of the grounds for removal enumerated in La. C.C.P. art. 3182. *In re Succession of Brazan*, 07-566 (La. App. 5 Cir. 12/27/07), 975 So.2d 53, 56. Louisiana Code of Civil Procedure Article 3182 provides:

> The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
>
> The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The

removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

Absent an abuse of discretion, the trial court's decision regarding removal of the representative will not be disturbed on appeal. *Brazan*, 975 So.2d at 56-57.

A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person. La. C.C.P. art. 3331. An account shall show the money and other property received by and in the possession of the succession representative at the beginning of the period covered by the account, the revenue, other receipts, disbursements, and disposition of property during the period, and the remainder in his possession at the end of the period. La. C.C.P. art. 3333. A representative's failure to file an annual accounting is one of the grounds for which the court has the discretionary power to remove the representative. *In re Succession of Cucchero*, 02-0368 (La. App. 1 Cir. 2/14/03), 845 So.2d 450, 454, *citing Succession of Voland*, 296 So.2d 406, 408 (La. App. 4th Cir. 1974), *writ refused*, 300 So.2d 184 (La. 1974); *Succession of Roy*, 192 So.2d 603, 605 (La. App. 3rd Cir. 1966).

At the rule to show cause hearing, Mr. Power admitted that he was aware of his duty to file annual accountings, but that he had failed to do so. He stated that he filed an accounting each time the court requested one. The record reveals that the trial court consistently expressed concern with deficiencies in the succession filings and requested by order twice that Mr. Power file accountings. The record before us reflects that only one accounting was filed into the trial court record, on July 10, 2014. Further, this accounting includes the name of one remaining asset and nine outstanding claims, but does not include the other information required pursuant to La. C.C.P. art 3333. Mr. Power also admitted that there was property unaccounted for that had been listed on the sworn descriptive list.

Further, at the hearing, Mr. Power admitted that the estate still owns commercial property that generates income, and he has received that income and paid debts therewith on behalf of the succession. A succession representative may pay an estate debt only with the authorization of the court, except as provided by Articles 3224 and 3302. La. C.C.P. art. 3301. The record is devoid of authorization granted by the court for payment of many of the succession debts.

Considering the foregoing, including specifically that the court has repeatedly expressed its concern with deficiencies in this succession record, that Mr. Power failed to file annual accountings, and the one accounting filed does not meet the requirements of La. C.C.P. art. 3333, we find the trial court did not abuse its discretion in removing Mr. Power as provisional administrator of the succession of George Ackel, Jr.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Mr. Power argues that the trial court abused its discretion in failing to allow the succession to sell the Monterrey Plaza property after evidence was presented at the hearing by all of the estate's creditors that they were in favor of the sale, the sale was in the best interest of the estate, and no opposition was presented. The judgment signed on September 12, 2019 does not contain any ruling regarding Mr. Power's petition to sell the Monterrey Plaza property. Additionally, on December 27, 2019, this Court granted Mr. Power's writ application only as to his claim regarding his removal as administrator. This Court found that the ruling on that claim was an appealable judgment and remanded the case to the trial court with instructions to grant Mr. Power a devolutive appeal as to that claim. Therefore, the only ruling before this Court on appeal is the court's removal of Mr. Power as administrator. Accordingly, this assignment of error is moot.

## ANSWER TO THE APPEAL

In its answer to the appeal, KMW, requests that this Court award it damages, including attorney's fees pursuant to La. C.C.P. art. 2164.

"The court may award damages for frivolous appeal in civil cases as provided by law." U.R.C.A. Rule 2-19. Louisiana Code of Civil Procedure article 2164 authorizes an appellate court to award damages for a frivolous appeal. However, the Supreme Court has explained that damages are not allowed unless the appeal is "unquestionably frivolous[.]" *Hampton v. Greenfield*, 618 So.2d 859, 862 (La. 1993). Damages for a frivolous appeal are only allowed when "it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious." *Id*. Further, this provision is penal in nature and is to be strictly construed. *Treme v. Adams*, 10-554 (La. App. 5 Cir. 1/11/11), 59 So.3d 1278, 1282. Upon review, we do not find that Mr. Power's appeal rises to the level of "unquestionably frivolous." Thus, we decline to award damages.

## CONCLUSION

For the foregoing reasons, the judgment of trial court removing Mr. Power as provisional administrator of the succession of George Ackel, Jr. is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 23, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-187

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MATTHEW L. PEPPER (APPELLANT)       WILLIAM T. FINN (APPELLEE)           HAROLD E. MOLAISON (APPELLEE)
JACK E. MORRIS (APPELLEE)            JUSTIN E. MOLAISON (APPELLEE)

### MAILED
SUSAN J. SANTA CRUZ (APPELLEE)      KENNETH M. WRIGHT (APPELLEE)         JOHN F. ALES (APPELLEE)
ATTORNEY AT LAW                      ATTORNEY AT LAW                      ATTORNEY AT LAW
1100 POYDRAS STREET                  203 WEST CLARENCE STREET             POST OFFICE BOX 14695
SUITE 3100                           LAKE CHARLES, LA 70601               BATON ROUGE, LA 70898
NEW ORLEANS, LA 70163